IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN HOLLOWAY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1395 |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This employment case is before the Court on the Motions for Partial Summary Judgment [Docs. # 54 and # 55] filed by Defendants Department of Veterans Affairs ("VA") and its Secretary, Anthony Principi. Plaintiff Warren Holloway filed a combined Response [Doc. # 59]. Based on the Court's review of the full record in this case and the application of governing legal authorities, the Court **grants** Defendants' Motions for Partial Summary Judgment and **dismisses** this case with prejudice.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, an African-American male, was employed as a computer specialist with the VA. Beginning in 1997, Plaintiff filed a number of EEO complaints alleging race discrimination and retaliation. Plaintiff also filed a number of grievances under the collective bargaining agreement with the VA.

In November 1992, Plaintiff's position in Information Resources Management Service was designated a moderate risk security position. Beginning in March 1994, VA personnel repeatedly attempted to obtain a security package, including fingerprints, from Plaintiff in order to complete the minimum background investigation required for the position. When Plaintiff still had not submitted a security package by May 2000, Plaintiff was directed to submit the package by June 23, 2000. Plaintiff refused to go to the Human Resources Management Service and, at Plaintiff's insistence, the security documents were faxed to his attorney.

On May 17, 2000, Plaintiff was advised that the VA intended to deny him eligibility for the moderate risk position because he had not cooperated in the completion of the necessary background investigation. Plaintiff was removed from the moderate risk position and placed in a nonsensitive position for thirty (30) days. He was directed to complete and submit the background investigation package by June 23, 2000. Plaintiff was advised that failure to do so could result in the termination of his employment with the VA.

On July 7, 2000, Plaintiff was notified in writing that he was no longer eligible for a moderate risk position. On July 20, 2000, Plaintiff was issued a proposed removal from federal service, and on August 15, 2000, the removal was sustained. Plaintiff's employment with the VA was officially terminated on August 21, 2000.

Plaintiff still had not submitted the security package for his background investigation, and his request for reinstatement was denied.

Plaintiff filed this lawsuit in April 2004, and filed an Amended Complaint [Doc. # 16] in August 2004. In his Amended Complaint, Plaintiff describes what he perceives as a history of race discrimination and retaliation, including his eventual removal from the moderate risk position and the termination of his employment. Plaintiff also alleges that he was subjected to a hostile work environment.

After an adequate time for discovery, Defendants filed two motions for partial summary judgment which, together, address all Plaintiff's claims. Plaintiff has responded to the motions, which are now ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc.*

*v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden at summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris*, 144 F.3d at 380.

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* Fed. R. Civ. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported

statement will not defeat summary judgment where the evidence in the record is to the contrary.  *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Additionally, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue.  *See Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823 (1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992).  In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts.  *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

### III.   ASSAULT AND RELATED INCIDENTS

Several of Plaintiff's allegations relate to an alleged physical assault by his supervisor, Larry Gardner.  Defendants have moved for summary judgment on these claims, and Plaintiff in his Response did not address Defendants' arguments on these issues.

To the extent Plaintiff seeks to assert an assault claim against Defendants, the claim is barred by the Federal Tort Claims Act.  *See* 28 U.S.C. § 2680(h).

To the extent Plaintiff seeks to assert discrimination or retaliation claims based on the Gardner assault, Plaintiff elected to pursue those claims under the negotiated grievance procedure.  Where, as here, a person is employed by a covered federal

agency and pursues a complaint of employment discrimination pursuant to a collective bargaining agreement, the employee "may not thereafter file a complaint on the same matter . . .." *See* 29 C.F.R. § 1614.301(a). In this case, Plaintiff filed his discrimination and retaliation grievance relating to the assault approximately six weeks before filing his EEO complaint. As a result, having first elected to proceed under the grievance procedure, Plaintiff cannot litigate the assault claim in this court as part of his discrimination or retaliation claims. Defendants are entitled to summary judgment on Plaintiff's assault-related claims.

## IV. RACE DISCRIMINATION AND RETALIATION

### A. General Principles for Discrimination and Retaliation Claims

Plaintiff alleges that he was the victim of race discrimination and retaliation by the VA, and he attempts to prove his allegations through indirect or circumstantial evidence. Therefore, the claims are considered under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, Plaintiff must present evidence to establish a *prima facie* case of race discrimination. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004). Plaintiff must show that (1) he is a member of a protected group; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action was due to his membership in the protected class. *See*

*Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). The fourth prong is sometimes modified to require the Plaintiff to show that he was "treated differently from others similarly situated." *Abarca v. Metropolitan Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005).

To establish a *prima facie* case of retaliation, the plaintiff must show (1) that he engaged in activity protected by Title VII[1]; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *See Byers v. Dallas Morning New, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000).

If Plaintiff establishes a *prima facie* case of discrimination or retaliation, the burden shifts to Defendants to articulate a non-discriminatory explanation for their decisions. *See Manning*, 332 F.3d at 881. The burden then shifts back to Plaintiff "to show that the defendant's proffered reason is simply a pretext for discrimination." *Id.*

### B.   Plaintiff's Claims Other Than Removal and Termination

Plaintiff alleges a number of matters that do not relate to his removal from a moderate risk position and the termination of his employment, but which Plaintiff alleges were discriminatory and/or retaliatory. These allegations include complaints

---

[1]   Throughout his Response, Plaintiff argues that he was retaliated against for engaging in union activity, including his service as a union steward. Union-related activity is not, however, activity protected by Title VII.

about the assignment of duties, training, work environment, attempts to discipline Plaintiff, criticism of Plaintiff's work conduct, and the handling of grievances.

Plaintiff's discrimination and retaliation claims based on these incidents fail to allege an adverse employment action. The Fifth Circuit strictly interprets the adverse employment action element of a *prima facie* case under both Title VII and 42 U.S.C. § 1981. An adverse employment action consists of "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating."[2] *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002). Conversely, an employment action is not adverse if it "does not affect job duties, compensation, or benefits." *See Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003) (quoting *Hunt v. Rapides Health Care Sys., LLC*, 277 F.3d 757, 769 (5th Cir. 2001)), *cert. denied*, 540 U.S. 817 (2003). The incidents described by Plaintiff, except for his removal from a moderate risk position and the termination of his employment, do not constitute adverse employment actions.

---

[2] Plaintiff in his Amended Complaint mentions two instances where his requests for leave were denied. On one occasion, the request was a last-minute request made on the morning of September 20, 1999 for leave that same day. On the other occasion, Plaintiff's request for one-day leave in October 1999 was denied because of workload considerations. Plaintiff has presented no evidence that these two isolated denials of leave were the result of race discrimination or retaliation, and he does not address this issue in his Response.

Plaintiff also alleges that these incidents resulted in a hostile work environment. In order for conduct to be sufficiently "severe or pervasive" to create an abusive working environment, it must create an environment that a reasonable person would find hostile or abusive. *See Weller v. Citation Oil & Gas Corp*., 84 F.3d 191, 194 (5th Cir. 1996), *cert. denied,* 591 U.S. 1055 (1997); *see also Harris-Childs v. Medco Health Solutions, Inc*., 2006 WL 616022, * 4 (5th Cir. March 13, 2006). In making such a determination, the courts look to factors such as the frequency of the conduct, its severity, the degree to which it is physically threatening or humiliating, and the degree to which it unreasonably interferes with an employee's work performance. Title VII "was only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace," and therefore conduct that only "sporadically wounds or offends but does not hinder [an] employee's performance" is not actionable. *See id; see also Shepard v. Comptroller Public of Accounts*, 168 F.3d 871, 874 (5th Cir. 1999). This is a "demanding" standard that requires proof of severe or pervasive conduct that can be characterized as "extreme." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

In this case, the incidents described by Plaintiff fall well shy of meeting the standard for a hostile work environment. As a result, Defendants are entitled to summary judgment on Plaintiff's hostile work environment claim.

## C.  Plaintiff's Claims Relating to His Removal and Termination

Plaintiff alleges that he was removed from the moderate risk position in the Information Resources Management Service because of race discrimination and retaliation for engaging in activities protected under Title VII.  With reference to the decision to remove Plaintiff from the moderate risk position, the uncontroverted evidence shows that Plaintiff was not qualified for the position because he had not provided the necessary materials, including fingerprints, to complete the required background investigation.[3]  As a result, Plaintiff cannot establish a *prima facie* case of discrimination in connection with this claim.

With reference to his termination claim, Plaintiff has not presented evidence that he was treated differently from similarly-situated employees who were not African-American.  For another employee to be "similarly situated," the employee's circumstances, including the conduct for which the plaintiff was discharged, must be "nearly identical."  *See Perez v. Texas Dept. of Crim. Justice*, 395 F.3d 206, 213 (5th Cir. 2004), *cert. denied*, 126 S. Ct. 545 (2005).  The "conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the

---

[3]  For the same reason, Plaintiff cannot establish a *prima facie* case that the VA's denial of his request for reinstatement was discriminatory.

employer." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002). In addition to nearly identical conduct, the employees' circumstances must be nearly identical. *See Krystek v. Univ. of So. Miss.*, 164 F.3d 251, 257 (5th Cir. 1999) (non-tenure track professor is not similarly situated to a tenure track professor). In this case, there is no evidence of any employee in a moderate risk position who steadfastly refused for over six years to participate in a mandatory background investigation. Therefore, Defendants are entitled to summary judgment on Plaintiff's discrimination claim related to the termination of his employment.

With reference to Plaintiff's claim that his removal and termination were retaliatory, Plaintiff has not presented evidence that the person responsible for those decisions – Sherri Miller, an African-American security officer in Washington, D.C. – knew about Plaintiff's Title VII activities in Houston, Texas, when she made the relevant decisions. As a result, Plaintiff cannot show a causal connection between his protected activity and his removal from the moderate risk position and, ultimately, the termination of his employment. *See Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999). Defendants are entitled to summary judgment on Plaintiff's retaliation claim related to his removal and termination.

## V.     CONCLUSION AND ORDER

Plaintiff's evidence fails to raise a genuine issue of material fact to establish a *prima facie* case of race discrimination, Title VII retaliation, or a hostile work environment.  The VA had more than sufficient reason to remove Plaintiff from a moderate risk position and eventually to terminate his employment when he refused for over six years to provide materials necessary to complete a mandatory background investigation.  As a result, Defendants are entitled to summary judgment, and it is hereby

**ORDERED** that Defendants' Motions for Partial Summary Judgment [Docs. # 54 and # 55] are **GRANTED**.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **28th** of **April, 2006**.

_____
Nancy F. Atlas
United States District Judge