IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN HOLLOWAY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1395 |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This retaliation case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 89] filed by Defendants Department of Veterans Affairs ("VA") and its Secretary, James B. Peake. Plaintiff Warren Holloway filed a Response [Doc. # 59], and Defendants filed a Reply [Doc. # 94]. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court **grants** Defendants' Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, an African-American male, was employed as a computer specialist with the VA. Beginning in 1997, Plaintiff filed a number of EEO complaints alleging race discrimination and retaliation. Plaintiff alleged, *inter alia*, that his supervisor,

Charles Warner, stated in July 1998 to two of Plaintiff's co-workers that Plaintiff was "creating problems by filing EEO complaints."

Plaintiff filed this lawsuit in 2004, describing what he perceived as a history of race discrimination and retaliation, including the eventual termination of his employment in August 2000. Defendants moved for summary judgment, which the Court granted in April 2006. Plaintiff filed a Notice of Appeal.

While the case was on appeal, the United States Supreme Court decided *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006). In *Burlington Northern*, the Supreme Court altered the standard applied in the Fifth Circuit for determining whether conduct constituted an "adverse employment action" for purposes of a retaliation claim under Title VII. Consequently, the Fifth Circuit, having affirmed all other aspects of this Court's prior decision, remanded Plaintiff's "non-removal, non-termination retaliation claim for reconsideration in light of Burlington Northern."

Following remand, Defendants filed their Motion for Summary Judgment. In his Response, Plaintiff abandoned all remaining allegations of retaliation except for the allegation regarding Warner's statement in 1998. The Motion has been fully briefed and is now ripe for decision.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party meets its initial burden, the non-movant must show that there is

a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

## III.   ANALYSIS

Plaintiff's only remaining allegation is that Warner's statement in 1998 that Plaintiff was "creating problems by filing EEO complaints" was retaliatory. "To establish a prima facie case of retaliation under Title VII, a plaintiff must present evidence that (1) he engaged in a protected activity, (2) an adverse employment action resulted, and (3) the protected activity and the adverse action are causally linked." *Smith v. Harvey*, 2008 WL 344747, *3 (5th Cir. Feb. 7, 2008) (citing *Baker v. Am. Airlines, Inc.,* 430 F.3d 750, 754 (5th Cir. 2005)). Defendants argue that Plaintiff's allegation does not describe an adverse employment action and, as a result, they are entitled to summary judgment.

The Supreme Court in *Burlington Northern* noted that the "anti-retaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington Northern*, 548 U.S. at ___, 126 S. Ct. at 2414. To establish an adverse employment action for purposes of a Title VII retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of

discrimination." *Id.* at 2415 (internal quotations and citations omitted). The Supreme Court noted that the term "materially adverse" was used to distinguish "significant from trivial harms." *See id.*

Plaintiff's remaining allegation does not rise to the level of an adverse employment action. Warner's comment was not made to Plaintiff, but to co-workers, who then relayed the comment to Plaintiff. *See, e.g., Smith*, 2008 WL 344747 at *3. The challenged comment was made on only one date. *See id.* Plaintiff's employment with the VA was not terminated until August 2000, more than two years after the Warner comment.

Plaintiff focuses heavily on the fact that the challenged comment mentioned Plaintiff's EEO filings. Simply mentioning EEO filings and their impact in the workplace does not, without more, rise to the level of an adverse employment action for purposes of a Title VII retaliation claim. *See, e.g., Jones v. Johanns*, 2007 WL 2694017, *6 (6th Cir. Sept. 14, 2007). In *Jones*, the plaintiff's supervisor sent him a letter directing the plaintiff to stop discussing his EEO complaints during business hours and stating that failure to stop "may result in official disciplinary action." *See id.* The Sixth Circuit affirmed the district court's determination that the letter, even combined with two prior letters regarding the plaintiff's discussion of his EEO complaints, did not "as a matter of law, constitute materially adverse actions." *See id.*

In the case at bar, Warner allegedly made a single, limited comment not to Plaintiff, but to third parties. Unlike the comment in *Jones*, the comment contained no threat of potential "disciplinary action." The comment under these circumstances, even though it mentioned Plaintiff's prior EEO filings, is not one that might dissuade a reasonable worker from making or supporting a charge of discrimination.[1] Consequently, Plaintiff has failed to allege or present evidence raising a genuine issue of material fact in connection with the "adverse employment action" element of his *prima facie* case of retaliation under Title VII.

## IV.   CONCLUSION AND ORDER

Plaintiff has failed to present evidence to raise a genuine issue of material fact regarding a *prima facie* case of Title VII retaliation under *Burlington Northern*. As a result, Defendants are entitled to summary judgment, and it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 89] is **GRANTED**. The Court will issue a separate final order.

---

[1] The comment did not dissuade Plaintiff from filing and pursuing additional EEO complaints. Indeed, Plaintiff filed an EEO complaint less than one month after the alleged statement by Warner. Moreover, there is nothing in the record to indicate that the co-workers to whom the statement was allegedly made were dissuaded from filing EEO complaints as a result of the comment.

SIGNED at Houston, Texas, this **5th** of **March, 2008**.

_____
Nancy F. Atlas
United States District Judge